UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>NELSON GONZALEZ,<br><br>        Debtor. | Chapter 7<br><br>Case No. 18-13411-SLM |
| CLAUDIA GONI,<br><br>        Plaintiff,<br><br>v.<br><br>NELSON GONZALEZ,<br><br>        Defendant. | Adversary Proceeding No. |

## COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO SECTION 523 OF THE BANKRUPTCY CODE

Plaintiff-Creditor Claudia Goni ("Plaintiff"), by and through undersigned counsel, makes this Complaint against Defendant-Debtor Nelson Gonzalez ("Defendant") and alleges as follows:

### JURISDICTION

1. On February 22, 2018, Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of New Jersey.

2. This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b).

3. This is an adversary proceeding in which the Plaintiff is challenging the dischargeability of Defendant's debts owed to Plaintiff under Bankruptcy Code §§ 523(a)(4), 523(a)(6). This court has jurisdiction over this adversary proceeding under 11 U.S.C. § 523.

1

## PARTIES

4. Plaintiff is an individual residing at 17 Dickersonmine Road, Mine Hill, New Jersey 07803.

5. Plaintiff is a judgment creditor of Defendant.

6. Defendant is the debtor in the above-captioned case and at all relevant times has maintained a business address at 14 W. Blackwell Street, Dover, New Jersey 07801.

## RELEVANT FACTS

7. Plaintiff retained defendant to represent her shortly after a motor vehicle accident that occurred on January 30, 2009 in which Plaintiff's vehicle was negligently struck, causing injuries to her neck and back.

8. On January 31, 2011 – a day after the two-year statute of limitations had run – Defendants filed suit for negligence against Messrs. Plessinger and Nieves, along with their respective employers, in Morris County (*Goni v. Nieves, et al.*, MRS-L-325-11).

9. Defendant never served the complaint.

10. On August 19, 2011, following eight months of docket inactivity, the court dismissed the case for failure to prosecute.

11. For the following *three years*, Plaintiff, not knowing her case had been dismissed, routinely met with Defendant to discuss the status of her case and her medical treatment.

12. In 2014, after Plaintiff told Defendant she had decided not to have surgery performed on her back, Defendants abruptly stopped meeting with Plaintiff or returning her calls. However, Defendant's paralegal continued to answer Plaintiff's texts.

13. For over a year, via text messaging, Defendants maintained the fiction that the case was moving towards settlement and ultimately, that it settled and that Plaintiff would soon be receiving her portion of the settlement.

14. Instead, Defendants continuously misled Plaintiff as to the status of the case, creating an elaborate web of fabrications and providing her with phony updates regarding imaginary calls to nonexistent court personnel and insurance adjustors.

15. Because of her reliance on Defendants' deceptions, Plaintiff unwittingly forfeited her ability to prosecute her negligence claims and to obtain fair compensation for the injuries she sustained. As liability was a foregone conclusion, there is no doubt Plaintiff would have recovered on her negligence claims.

16. On August 16, 2016, based on the foregoing, Plaintiff filed a legal malpractice lawsuit against Defendant (*Goni v. Gonzalez, Esq., et al.*, MRS-L-1836-16).

17. On June 1, 2017, default judgment was entered in favor of Plaintiff and against defendant for $125,000 plus costs and post-judgment interest.

### Count I
### Nondischargeability of Plaintiff's Judgment Under
### Section 523(a)(4) of the Bankruptcy Code

18. The preceding paragraphs are incorporated as though fully set forth herein.

19. Bankruptcy Code 523(a)(4) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
> . . .
>
> > (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . .

3

~~20.     Defendant incurred his debt to Plaintiff as a result of making false representations to Plaintiff regarding the status of her case while acting in a fiduciary capacity.~~

21.     All or part of the debt owed to Plaintiff, as evidenced by the Judgment entered against the debtor, is non-dischargeable as it is a debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny within the meaning of Bankrupcty Code 523(a)(4).

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against Defendant determining that the debt reflected in the Judgment entered in favor of Plaintiff against the Defendant on June 1, 2017, is non-dischargeable due to defendant's false representations to Plaintiff, upon which Plaintiff relied to her detriment, and as a result of Defendant's willful and malicious injury to plaintiff, under Bankruptcy Code § § 523(a)(4), and 523(a)6), and granting plaintiff such other and further relief as this Court may deem just and proper.

### Count II
### Non dischargeability of Plaintiff's judgment under Section 523(a)(6) of the Bankruptcy Code

22.     The preceding paragraphs are incorporated as though fully set forth herein.

23.     Bankruptcy Code 523(a)(6) provides in relevant part that:

>     (b)     A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual debtor from any debt—
>
>     . . .
>
>     (6) for willful and malicious injury by the debtor to another entity or to the property of another entity . . .

24. All or part of the debt owed to plaintiff, as evidenced by the Judgment entered against the Debtor, is non-dischargeable as it is a debt for willful and malicious injury caused by the Debtor within the meaning of Bankruptcy Code § 523(a)(6).

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment against Defendant determining that the debt reflected in the Judgment entered in favor of Plaintiff against the Defendant on June 1, 2017, is non-dischargeable due to defendant's false representations to Plaintiff, upon which Plaintiff relied to her detriment, and as a result of Defendant's willful and malicious injury to plaintiff, under Bankruptcy Code § § 523(a)(4), and 523(a)6), and granting plaintiff such other and further relief as this Court may deem just and proper.

Dated: 5/18/18

Jack Meyerson
MEYERSON & O'NEILL
1700 Market Street, Ste. 3025
Philadelphia, PA 19103
(215) 972-1376
Fax: (215) 972-0277
*Attorney for Plaintiff-Creditor Claudia Goni*